IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIRST HORIZON BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| MARVIN O. MCCORD, III, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff First Horizon Bank ("First Horizon"), and states the following complaint against the above-named Defendant:

### PARTIES, JURISDICTION, AND VENUE

1.     First Horizon is a Tennessee state-chartered bank, having converted from a nationally chartered bank as of October 25, 2019.   First Horizon is incorporated under Tennessee law and maintains its principal place of business in Memphis, Tennessee.   Accordingly, First Horizon is a citizen of the State of Tennessee for diversity purposes.

2.     Defendant Marvin O. McCord, III ("McCord") is an individual who, on information and belief, resides and may be served with process at 7890 Jett Ferry

Road, Atlanta, Georgia 30350. McCord is a citizen of the State of Georgia (where he resides) for diversity purposes.

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between First Horizon, on the one hand, and McCord, on the other hand.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Northern District of Georgia is the judicial district in which McCord resides or, in the alternative, where a substantial portion of the events or omissions giving rise to the claims stated herein occurred.

## STATEMENT OF THE CASE

5.     First Horizon brings this action to collect on commercial loans from Georgia Commerce Bank ("Georgia Commerce") and IBERIABANK ("Iberia") to Concord, Inc. ("Borrower").

6.     At all pertinent times, McCord is and was an officer and shareholder of Borrower. First Horizon is suing McCord in his capacity as a guarantor of these loans.

7.    Georgia Commerce merged with and in to Iberia in 2015, as a result of which Iberia acquired Georgia Commerce's assets including, but not limited to, Georgia Commerce's rights, title, and interest in the loans with Borrower.

8.    Effective July 2, 2020, Iberia merged with and in to First Horizon, as a result of which First Horizon acquired Iberia's assets including, but not limited to, all of Iberia's rights, title, and interest in the loans with Borrower.

9.    Following the merger between Iberia and First Horizon, First Horizon transacts business from time to time under a division with the "IBERIABANK" trade name.  Further references to First Horizon herein below include First Horizon d/b/a IBERIABANK.

## BACKGROUND FACTS

*Loan No. 75896*

10.    McCord and Borrower are jointly and severally indebted to First Horizon for sums due and owing under Loan No. 75896, originated by Georgia Commerce on or about October 22, 2014 (the "96 Loan").

11.    The 96 Loan is evidenced by, among other things, the following agreements, instruments, and documents (collectively, the "96 Loan Documents"):

- That certain Business Loan Agreement between Borrower and Iberia, dated June 25, 2019 (the "96 Loan Agreement"), a true copy of which is attached as EXHIBIT 1;

- That certain Promissory Note dated June 25, 2019, in the original principal sum of $492,653.51, executed by Borrower in favor of Iberia (the "96 Note"), a true copy of which is attached as EXHIBIT 2; and

12.     The 96 Loan Documents are secured by, among other things, the following agreements, instruments and documents (collectively, the "Guaranty Instruments"):

- That certain Guaranty executed by McCord in favor of Iberia, dated June 25, 2019 (the "June 2019 Guaranty"), a true copy of which is attached as EXHIBIT 3;

- That certain Guaranty executed by McCord in favor of Iberia, dated July 15, 2019 (the "July 2019 Guaranty"), a true copy of which is attached as EXHIBIT 4;

- That certain Commercial Guaranty executed by McCord in favor of First Horizon, dated October 26, 2020 (the "October 2020 Guaranty"), a true copy of which is attached as EXHIBIT 5; and

- That certain Cross-Collateral, Cross-Default, and Cross-Guaranty Agreement dated October 26, 2020, executed by Borrower, McCord, and McCord Investments-8046, LLC for the benefit of First Horizon (the "Cross Agreement"), a true copy of which is attached as EXHIBIT 6.

13.     Horizon is the holder of the 96 Loan and the 96 Loan Documents; and therefore, First Horizon is entitled to enforce the same according to their respective terms.

14.     Any and all conditions precedent to First Horizon's enforcement of the 96 Loan Documents have been performed, waived, or otherwise satisfied.

***Loan No. 75907***

15.   McCord and Borrower are jointly and severally indebted to First Horizon for sums due and owing under Loan No. 75907 (the "07 Loan"), originated by Georgia Commerce on or about October 22, 2014.

16.   The 07 Loan is evidenced by, among other things, the following agreements, instruments, and documents (collectively, the "07 Loan Documents"):

- That certain Promissory Note dated July 15, 2019, in the original principal sum of $342,488.46, executed by Borrower in favor of Iberia (the "07 Note"), a true copy of which is attached as EXHIBIT 7.

17.   The 07 Loan is secured by the Guaranty Instruments, among other agreements, instruments, and documents.

18.   Horizon is the holder of the 07 Loan and the 07 Loan Documents; and therefore, First Horizon is entitled to enforce the same according to their respective terms.

19.   Any and all conditions precedent to First Horizon's enforcement of the 07 Loan Documents have been performed, waived, or otherwise satisfied.

*Loan No. 5300515299*

20.    McCord and Borrower are jointly and severally indebted to First Horizon for sums due and owing under Loan No. 5300515299, originated by Iberia on or about March 6, 2017 (the "99 Loan").

21.    The 99 Loan is evidenced by, among other things, the following agreements, instruments, and documents (collectively, the "99 Loan Documents"):

- That certain Promissory Note dated March 6, 2017, in the original principal sum of $200,000.00, executed by Borrower in favor of Iberia (the "99 Note"), a true copy of which is attached as EXHIBIT 8.

22.    The 99 Loan is secured by the Guaranty Instruments, among other agreements, instruments, and documents.

23.    Horizon is the holder of the 99 Loan and the 99 Loan Documents; and therefore, First Horizon is entitled to enforce the same according to their respective terms.

24.    Any and all conditions precedent to First Horizon's enforcement of the 99 Loan Documents have been performed, waived, or otherwise satisfied.

*Loan No. 4511090718*

25.    McCord and Borrower are jointly and severally indebted to First Horizon for sums due and owing under Loan No. 4511090718, originated by First Horizon on or about October 26, 2020 (the "LOC Loan").

26.     The LOC Loan is evidenced and secured by, among other things, the following agreements, instruments, and documents (collectively, the "LOC Loan Documents"):

- That certain Business Line of Credit Agreement and Disclosure dated October 26, 2020, in the original principal sum of $100,000.00, executed by Borrower in favor of First Horizon (the "LOC Agreement"), a true copy of which is attached as EXHIBIT 9.

27.     The LOC Loan is secured by the Guaranty Instruments, among other agreements, instruments, and documents.

28.     Horizon is the holder of the LOC Loan and the LOC Loan Documents; and therefore, First Horizon is entitled to enforce the same according to their respective terms.

29.     Any and all conditions precedent to First Horizon's enforcement of the LOC Loan Documents have been performed, waived, or otherwise satisfied.

## COUNT I

### (Collection of 96 Note)

30.     First Horizon incorporates paragraphs 1 through 29 of this complaint as if fully restated herein.

31.     Pursuant to the terms of the 96 Note, Borrower promised to pay all of the outstanding principal and accrued interest by June 25, 2020.

32.     By virtue of a Loan Modification Agreement, dated June 19, 2020, Iberia agreed to extend the maturity date of the 96 Note through September 25, 2020.

33.     The 96 Note came into default as of September 26, 2020 by virtue of Borrower's failure to pay the entire outstanding balance by the extended maturity date.

34.     First Horizon gave McCord due and proper notice of Borrower's maturity default under the 96 Note.

35.     Exclusive of attorney's fees, litigation expenses, and court costs, the outstanding balance of the 96 Note as of July 26, 2021 is **$399,323.14** (the "<u>96 Note Balance</u>"), itemized as follows:

> $378,766.77     Principal
>   $20,556.37     Accrued Interest
> **$399,323.14**     **Total**

36.     The 96 Note continues to accrue interest after July 26, 2021 at the rate specified in the 96 Note—i.e., 18.00% per annum or $189.383385 per day.

37.     Pursuant to the provisions of the June 2019 Guaranty, McCord is indebted and liable to First Horizon for the 96 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $194.383385 per day.

38.     Pursuant to the provisions of the July 2019 Guaranty, McCord is indebted and liable to First Horizon for the 96 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $194.383385 per day.

39.     Pursuant to the provisions of the October 2020 Guaranty, McCord is indebted and liable to First Horizon for the 96 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $194.383385 per day.

40.     Pursuant to the provisions of the Cross Agreement, McCord is indebted and liable to First Horizon for the 96 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $194.383385 per day.

41.     The 96 Note and the Guaranty Instruments each contain a provision for First Horizon to recover an additional 15% of the outstanding principal and unpaid interest due and payable under the 96 Note as attorney's fees, in addition to all other damages and relief to which it is entitled.

42.     Pursuant to O.C.G.A. § 13-1-11, First Horizon has given notice to McCord that it intends to enforce the attorney fees provisions in the 96 Note and the Guaranty Instruments.

43.     Pursuant to O.C.G.A. § 13-1-11, First Horizon notifies McCord again that it intends to enforce the attorney fees provisions in the 96 Note and the Guaranty Instruments.

44.     Pursuant to O.C.G.A. § 13-1-11, McCord will have a period of 10 days from the date of service of this complaint to pay all of the outstanding principal and accrued interest under the 96 Note in full.

45.     McCord is hereby notified that he may avoid enforcement of the attorney fee provisions in the 96 Note and the Guaranty Instruments (in regard to the 96 Note only) if the outstanding principal and accrued interest due and payable under the 96 Note are paid in full within such 10-day time frame.

46.     McCord is further notified if the outstanding principal and accrued interest under the 96 Note are not paid in full within such 10-day timeframe, First Horizon will be entitled to add the attorney's fees to the indebtedness under the 96 Note and recover such fees from McCord in this action as provided under O.C.G.A. § 13-1-11.

47.     First Horizon hereby claims attorney's fees from McCord in this action pursuant to the provisions of the 96 Note, the Guaranty Instruments, and applicable law.

## COUNT II

### (Collection of 07 Note)

48.     First Horizon incorporates paragraphs 1 through 29 of this complaint as if fully restated herein.

49.     Pursuant to the terms of the 07 Note, Borrower promised to pay all of the outstanding principal and accrued interest by July 15, 2020.

50.     By virtue of a Loan Modification Agreement, dated July 13, 2020, First Horizon agreed to extend the maturity date of the 07 Note through October 15, 2020.

51.     The 07 Note came into default as of October 16, 2020 by virtue of Borrower's failure to pay the entire outstanding balance by the extended maturity date.

52.     First Horizon has given McCord due and proper notice of Borrower's maturity default under the 07 Note.

53.     Exclusive of attorney's fees, litigation expenses, and court costs, the outstanding balance of the 07 Note as of July 26, 2021 is **$331,337.88** (the "07 Note Balance"), itemized as follows:

|  |  |
|---|---|
| $315,837.69 | Principal |
| $15,500.19 | Accrued Interest |
| **$331,337.88** | **Total** |

54.     The 07 Note continues to accrue interest after July 26, 2021 at the rate specified in the 07 Note—i.e., 18.00% per annum or $701.861533 per day.

55.     Pursuant to the provisions of the June 2019 Guaranty, McCord is indebted and liable to First Horizon for the 07 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $701.861533 per day.

56.     Pursuant to the provisions of the July 2019 Guaranty, McCord is indebted and liable to First Horizon for the 07 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $701.861533 per day.

57.     Pursuant to the provisions of the October 2020 Guaranty, McCord is indebted and liable to First Horizon for the 07 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $701.861533 per day.

58.     Pursuant to the provisions of the Cross Agreement, McCord is indebted and liable to First Horizon for the 07 Note Balance, plus prejudgment interest after July 26, 2021 at the rate of $701.861533 per day.

59.     The 07 Note and the Guaranty Instruments each contain a provision for First Horizon to recover an additional 15% of the outstanding principal and unpaid interest due and payable under the 07 Note as attorney's fees, in addition to all other damages and relief to which it is entitled.

60.     Pursuant to O.C.G.A. § 13-1-11, First Horizon has given notice to McCord that it intends to enforce the attorney fees provisions in the 07 Note and the Guaranty Instruments.

61.     Pursuant to O.C.G.A. § 13-1-11, First Horizon notifies McCord again that it intends to enforce the attorney fees provisions in the 07 Note and the Guaranty Instruments.

62.     Pursuant to O.C.G.A. § 13-1-11, McCord will have a period of 10 days from the date of service of this complaint to pay all of the outstanding principal and accrued interest under the 07 Note in full.

63.     McCord is hereby notified that he may avoid enforcement of the attorney fee provisions in the 07 Note and the Guaranty Instruments (in regard to the 07 Note only) if the outstanding principal and accrued interest due and payable under the 07 Note are paid in full within such 10-day time frame.

64.     McCord is further notified if the outstanding principal and accrued interest under the 07 Note are not paid in full within such 10-day timeframe, First Horizon will be entitled to add the attorney's fees to the indebtedness under the 07 Note and recover such fees from McCord in this action as provided under O.C.G.A. § 13-1-11.

65.     First Horizon hereby claims attorney's fees from McCord in this action pursuant to the provisions of the 07 Note, the Guaranty Instruments, and applicable law.

## COUNT III

### (Collection of 99 Note)

66.     First Horizon incorporates paragraphs 1 through 29 of this complaint as if fully restated herein.

67.    Pursuant to the terms of the 99 Note, Borrower promised make payments to First Horizon by the sixth day of each month.

68.    Borrower defaulted under the 99 Note by virtue of its failure to make the monthly installment payment due by October 6, 2020.

69.    First Horizon duly and properly exercised its right to accelerate the 99 Note following Borrower's default.

70.    First Horizon has given McCord due and proper notice of Borrower's default under and First Horizon's subsequent acceleration of the 99 Note.

71.    Exclusive of attorney's fees, litigation expenses, and court costs, the outstanding balance of the 99 Note as of July 26, 2021 is **$106,035.99** (the "99 Note Balance"), itemized as follows:

| | |
|---|---|
| $103,003.12 | Principal |
| $3,032.87 | Accrued Interest |
| **$106,035.99** | **Total** |

72.    The 99 Note continues to accrue interest after July 26, 2021 at the rate specified in the 99 Note—i.e., 18.00% per annum or $51.50156 per day.

73.    Pursuant to the provisions of the June 2019 Guaranty, McCord is indebted and liable to First Horizon for the 99 Note Balance, together with prejudgment interest after July 26, 2021 at the rate of $51.50156 per day.

74.     Pursuant to the provisions of the July 2019 Guaranty, McCord is indebted and liable to First Horizon for the 99 Note Balance, together with prejudgment interest after July 26, 2021 at the rate of $51.50156 per day.

75.     Pursuant to the provisions of the October 2020 Guaranty, McCord is indebted and liable to First Horizon for the 99 Note Balance, together with prejudgment interest after July 26, 2021 at the rate of $51.50156 per day.

76.     Pursuant to the provisions of the Cross Agreement, McCord is indebted and liable to First Horizon for the 99 Note Balance, together with prejudgment interest after July 26, 2021 at the rate of $51.50156 per day.

77.     The 99 Note and the Guaranty Instruments each contain a provision for First Horizon to recover an additional 15% of the outstanding principal and unpaid interest due and payable under the 99 Note as attorney's fees, in addition to all other damages and relief to which it is entitled.

78.     Pursuant to O.C.G.A. § 13-1-11, First Horizon has given notice to McCord that it intends to enforce the attorney fees provisions in the 99 Note and other 99 Loan Documents.

79.     Pursuant to O.C.G.A. § 13-1-11, First Horizon notifies McCord again that it intends to enforce the attorney fees provisions in the 99 Note and other 99 Loan Documents.

80. Pursuant to O.C.G.A. § 13-1-11, McCord will have a period of 10 days from the date of service of this complaint to pay the outstanding principal and accrued interest under the 99 Note in full.

81. McCord is notified he may avoid enforcement of the attorney fee provisions in these 99 Loan Documents if the outstanding principal and accrued interest due and payable under the 99 Note is paid in full within such 10-day time frame.

82. McCord is further notified if the outstanding principal and accrued interest under the 99 Note are not paid in full within such 10-day timeframe, First Horizon will be entitled to add the attorney's fees to the indebtedness under the 99 Note and recover such fees from McCord in this action as provided under O.C.G.A. § 13-1-11.

83. First Horizon hereby claims attorney's fees from McCord in this action pursuant to the provisions of the 99 Note, the Guaranty Instruments, and applicable law.

## COUNT IV

### (Collection of LOC Agreement)

84. First Horizon incorporates paragraphs 1 through 29 of this complaint as if fully restated herein.

85.    Pursuant to the terms of the LOC Agreement, Borrower promised to pay all of the outstanding principal and accrued interest by December 26, 2020.

86.    The LOC Agreement came into default as of December 27, 2020 by virtue of Borrower's failure to pay the entire outstanding balance by the maturity date.

87.    First Horizon has given McCord due and proper notice of Borrower's maturity default under the LOC Agreement.

88.    Exclusive of attorney's fees, litigation expenses, and court costs, the outstanding balance of the LOC Agreement as of July 26, 2021 is **$99,995.36** (the "<u>LOC Agreement Balance</u>"), itemized as follows:

| | |
|---|---|
| $93,826.31 | Principal |
| $6,169.05 | Accrued Interest |
| **$99,995.36** | **Total** |

89.    The LOC Agreement continues to accrue interest after July 26, 2021 at the rate specified in the LOC Agreement—i.e., 10.00% per annum or $26.0628639 per day.

90.    Pursuant to the provisions of the June 2019 Guaranty, McCord is indebted and liable to First Horizon for the LOC Agreement Balance, together with prejudgment interest after July 26, 2021 at the rate of $26.0628639 per day.

91.    Pursuant to the provisions of the July 2019 Guaranty, McCord is indebted and liable to First Horizon for the LOC Agreement Balance, together with prejudgment interest after July 26, 2021 at the rate of $26.0628639 per day.

92.    Pursuant to the provisions of the October 2020 Guaranty, McCord is indebted and liable to First Horizon for the LOC Agreement Balance, together with prejudgment interest after July 26, 2021 at the rate of $26.0628639 per day.

93.    Pursuant to the provisions of the Cross Agreement, McCord is indebted and liable to First Horizon for the LOC Agreement Balance, together with prejudgment interest after July 26, 2021 at the rate of $26.0628639 per day.

94.    The LOC Agreement and the Guaranty Instruments each contain a provision for First Horizon to recover an additional 15% of the outstanding principal and unpaid interest due and payable under the LOC Agreement as attorney's fees, in addition to all other damages and relief to which it is entitled.

95.    Pursuant to O.C.G.A. § 13-1-11, First Horizon has given notice to McCord that it intends to enforce the attorney fees provisions in the LOC Loan Documents.

96.    Pursuant to O.C.G.A. § 13-1-11, First Horizon notifies McCord again that it intends to enforce the attorney fees provisions in the LOC Agreement and other LOC Loan Documents.

97.     Pursuant to O.C.G.A. § 13-1-11, McCord will have a period of 10 days from the date of service of this complaint to pay the outstanding principal and accrued interest under the LOC Agreement in full.

98.     McCord is hereby notified that he may avoid enforcement of the attorney fee provisions in the LOC Agreement and the Guaranty Instruments (in regard to the LOC Agreement only) if the outstanding principal and accrued interest due and payable under the LOC Agreement are paid in full within such 10-day time frame.

99.     McCord is further notified if the outstanding principal and accrued interest under the LOC Agreement are not paid in full within such 10-day timeframe, First Horizon will be entitled to add the attorney's fees to the indebtedness under the LOC Agreement and recover such fees from McCord in this action as provided under O.C.G.A. § 13-1-11.

100.    First Horizon hereby claims attorney's fees from McCord in this action pursuant to the provisions of the LOC Agreement, the Guaranty Instruments, and applicable law.

**WHEREFORE**, having set forth its complaint against the above-named Defendant, First Horizon requests the following relief in this action:

A.     Under Count I, for judgment in its favor and against McCord for the 96 Note Balance, plus (i) prejudgment interest accruing after July 26, 2021, (ii) attorney's fees calculated in accordance with O.C.G.A. § 13-1-11, (iii) litigation expenses as permitted under the 96 Loan Documents and applicable law, and (iv) post-judgment interest on the principal sum awarded at the greater of the contractual rate or the legal rate (at First Horizon's future election);

B.     Under Count II, for judgment in its favor and against McCord for the 07 Note Balance, plus (i) prejudgment interest accruing after July 26, 2021, (ii) attorney's fees calculated in accordance with O.C.G.A. § 13-1-11, (iii) litigation expenses as permitted under the 07 Loan Documents and applicable law, and (iv) post-judgment interest on the principal sum awarded at the greater of the contractual rate or the legal rate (at First Horizon's future election);

C.     Under Count III, for judgment in its favor and against McCord for the 99 Note Balance, plus (i) prejudgment interest accruing after July 26, 2021, (ii) attorney's fees calculated in accordance with O.C.G.A. § 13-1-11, (iii) litigation expenses as permitted under the 99 Loan Documents and applicable law, and (iv) post-judgment interest on the principal sum awarded at the greater of the contractual rate or the legal rate (at First Horizon's future election);

D.      Under Count IV, for judgment in its favor and against McCord for the LOC Agreement Balance, plus (i) prejudgment interest accruing after July 26, 2021, (ii) attorney's fees calculated in accordance with O.C.G.A. § 13-1-11, (iii) litigation expenses as permitted under the LOC Loan Documents and applicable law, and (iv) post-judgment interest on the principal sum awarded at the greater of the contractual rate or the legal rate (at First Horizon's future election);

E.      For all costs of action taxed to be against McCord; and

F.      For such other and further legal and equitable relief the Court deems just and appropriate.

Submitted by:

/s/ Kevin A. Stine
KEVIN A. STINE
Georgia Bar No. 682588
TIM COLLETTI
Georgia Bar No. 972791
BAKER DONELSON
3414 Peachtree Rd, NE, Suite 1500
Atlanta, GA 30326
T: (404) 577-6000
E: kstine@bakerdonelson.com
E: tcolletti@bakerdonelson.com

*Counsel for Plaintiff*